MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
LETICIA ANSELMO LOPEZ, *individually and on behalf of others similarly situated,*

                              *Plaintiff*,

                    -against-

UNO EXPRESS CLEANERS INC. (D/B/A EXPRESS DRY CLEANERS), UPTOWN EXPRESS CLEANERS, CORP. (D/B/A EXPRESS DRY CLEANERS), UPTOWN CLEANERS GROUP CORP. (D/B/A EXPRESS DRY CLEANERS), PCA BLUE INCORPORATED (F/D/B/A I AM NO SLOB A.K.A. PATROLMAN UNIFORM SRVC), YOUNGHWA LEE (A.K.A. YONGHWA KIM) , and DANNY W. KIM ,

                              *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Leticia Anselmo Lopez ("Plaintiff Anselmo" or "Ms. Anselmo"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Uno Express Cleaners Inc. (d/b/a Express Dry Cleaners), Uptown Express Cleaners, Corp. (d/b/a Express Dry Cleaners), Uptown Cleaners Group Corp. (d/b/a Express Dry Cleaners), PCA Blue Incorporated (f/d/b/a I Am No Slob a.k.a. Patrolman Uniform Srvc), ("Defendant Corporations"), Younghwa Lee (a.k.a. Yonghwa Kim) and Danny W. Kim, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Anselmo is a former employee of Defendants Uno Express Cleaners Inc. (d/b/a Express Dry Cleaners), Uptown Express Cleaners, Corp. (d/b/a Express Dry Cleaners), Uptown Cleaners Group Corp. (d/b/a Express Dry Cleaners), PCA Blue Incorporated (f/d/b/a I Am No Slob a.k.a. Patrolman Uniform Srvc), Younghwa Lee (a.k.a. Yonghwa Kim), and Danny W. Kim.

2. Defendants own, operate, or control a laundromat, located at 458 Lenox Avenue (a.k.a. 458 Malcolm X Blvd), New York, New York 10037, under the name "Express Dry Cleaner" (hereafter the "Harlem location"), and previously located at 347 E 138th street, Bronx, NY 10454, upon information and belief, formerly under the name "I Am No Slob a.k.a. Patrolman Uniform Srvc" (hereafter the "Bronx location").

3. Upon information and belief, individual Defendants Younghwa Lee (a.k.a. Yonghwa Kim) and Danny W. Kim, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundromat as a joint or unified enterprise.

4. Plaintiff Anselmo was employed as a dry-cleaning worker and an ironer at the laundromat located at 458 Lenox Avenue (a.k.a. 458 Malcolm X Blvd), New York, New York 10037, and previously located at 347 E 138th street, Bronx, NY 10454.

5. At all times relevant to this Complaint, Plaintiff Anselmo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Anselmo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Anselmo to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Anselmo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Anselmo now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Anselmo seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Anselmo's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Anselmo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Leticia Anselmo Lopez ("Plaintiff Anselmo" or "Ms. Anselmo") is an adult individual residing in Bronx County, New York.

14. Plaintiff Anselmo was employed by Defendants at "Express Dry Cleaners" from approximately March 2009 until on or about January 2018 and then during the month of March 2018.

15. Plaintiff Anselmo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 458 Lenox Avenue (a.k.a. 458 Malcolm X Blvd), New York, New York 10037, under the name "Express Dry Cleaners" and upon information and belief, previously located at 347 E 138th street, Bronx, NY 10454 under the name "I Am No Slob a.k.a. Patrolman Uniform Srvc".

17. Upon information and belief, Uno Express Cleaners Inc. (d/b/a Express Dry Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information

and belief, it maintains its principal place of business at 458 Lenox Avenue (a.k.a. 458 Malcolm X Blvd), New York, New York 10037.

18. Upon information and belief, Uptown Express Cleaners, Corp. (d/b/a Express Dry Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 458 Lenox Avenue (a.k.a. 458 Malcolm X Blvd), New York, New York 10037.

19. Upon information and belief, Uptown Cleaners Group Corp. (d/b/a Express Dry Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 458 Lenox Avenue (a.k.a. 458 Malcolm X Blvd), New York, New York 10037.

20. Upon information and belief, PCA Blue Incorporated (f/d/b/a I Am No Slob a.k.a. Patrolman Uniform Srvc) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it formerly maintained its principal place of business at 347 E 138th street, Bronx, NY 10454.

21. Defendant Younghwa Lee (a.k.a. Yonghwa Kim) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Younghwa Lee (a.k.a. Yonghwa Kim) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Younghwa Lee (a.k.a. Yonghwa Kim) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Anselmo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Danny W. Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Danny W. Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Danny W. Kim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of

the employees of Defendants, including Plaintiff Anselmo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a laundromat originally located in the Mott Haven section of The Bronx and now located in The Harlem section of Manhattan in New York City.

24. Individual Defendants, Younghwa Lee (a.k.a. Yonghwa Kim) and Danny W. Kim, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Anselmo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Anselmo, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Anselmo (and all similarly situated employees) and are Plaintiff Anselmo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Anselmo and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Younghwa Lee (a.k.a. Yonghwa Kim) and Danny W. Kim operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Anselmo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Anselmo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Anselmo's services.

31. In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundromat on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Anselmo is a former employee of Defendants who was employed as a dry-cleaning worker and an ironer.

34. Plaintiff Anselmo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

35. Plaintiff Anselmo was employed by Defendants from approximately March 2009 until on or about January 2018 and then during the month of March 2018.

36. Defendants employed Plaintiff Anselmo as a dry-cleaning worker and an ironer.

37. Plaintiff Anselmo regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

38. Plaintiff Anselmo's work duties required neither discretion nor independent judgment.

39. Throughout her employment with Defendants, Plaintiff Anselmo regularly worked in excess of 40 hours per week.

40. From approximately November 2012 until on or about June 2016, Plaintiff Anselmo worked at the "Bronx location" from approximately 7:00 a.m. until on or about 5:00 p.m., 4 days a week and from approximately 7:00 a.m. until on or about 6:00 p.m. to 7:00 p.m., 2 days a week (typically 62 to 64 hours per week).

41. From approximately July 2016 until on or about March 2018, Plaintiff Anselmo worked at the "Harlem location" from approximately 7:00 a.m. until on or about 5:00 p.m., 4 days a week and from approximately 7:00 a.m. until on or about 6:00 p.m. to 7:00 p.m., 2 days  (typically 62 to 64 hours per week).

42. Throughout her employment, Defendants paid Plaintiff Anselmo her wages in cash.

43. From approximately November 2012 until on or about March 2018, Defendants paid Plaintiff Anselmo a fixed salary of $432 per week.

44. However, every December of each year, Defendants paid Plaintiff Anselmo a fixed salary of $500 per week.

45. Plaintiff Anselmo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

46. For example, Defendants required Plaintiff Anselmo to work 1 hour past her scheduled departure time one or two days a week, and did not pay her for the additional time she worked.

47. Defendants never granted Plaintiff Anselmo any breaks or meal periods of any kind.

48. Although Plaintiff Anselmo was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. As a result, Plaintiff Anselmo was not compensated for all of the hours that she worked.

49. On a number of occasions, Defendants required Plaintiff Anselmo to sign a document in English, the contents of which she was not allowed to review in detail and was not provided with a copy.

50. In addition, in order to get paid, Plaintiff Anselmo was required to sign a document in which Defendants misrepresented the hours that she worked per week.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Anselmo regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Anselmo an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Anselmo, in English and in Spanish (Plaintiff Anselmo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Anselmo (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

55. Plaintiff Anselmo was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

56. Defendants' pay practices resulted in Plaintiff Anselmo not receiving payment for all her hours worked, and resulted in Plaintiff Anselmo's effective rate of pay falling below the required minimum wage rate.

57. Defendants habitually required Plaintiff Anselmo to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

58. Defendants' time keeping system did not reflect the actual hours that Plaintiff Anselmo worked.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. On a number of occasions, Defendants required Plaintiff Anselmo to sign a document in English, the contents of which she was not allowed to review in detail.

61. Defendants required Plaintiff Anselmo to sign a document that reflected inaccurate or false hours worked.

62. Defendants paid Plaintiff Anselmo her wages in cash.

63. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

64. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Anselmo (and similarly situated individuals) worked, and to avoid paying Plaintiff Anselmo properly for her full hours worked.

65. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Anselmo and other similarly situated former workers.

67. Defendants failed to provide Plaintiff Anselmo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68. Defendants failed to provide Plaintiff Anselmo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69. Plaintiff Anselmo brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

70. At all relevant times, Plaintiff Anselmo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep accurate records, as required under the FLSA.

71. The claims of Plaintiff Anselmo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72. Plaintiff Anselmo repeats and realleges all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff Anselmo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and

fire Plaintiff Anselmo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Defendants failed to pay Plaintiff Anselmo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77. Defendants' failure to pay Plaintiff Anselmo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Anselmo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79. Plaintiff Anselmo repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Anselmo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81. Defendants' failure to pay Plaintiff Anselmo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff Anselmo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

83. Plaintiff Anselmo repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Anselmo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff

Anselmo, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

85. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Anselmo less than the minimum wage.

86. Defendants' failure to pay Plaintiff Anselmo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Anselmo was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

88. Plaintiff Anselmo repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Anselmo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90. Defendants' failure to pay Plaintiff Anselmo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff Anselmo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

92. Plaintiff Anselmo repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to provide Plaintiff Anselmo with a written notice, in English and in Spanish (Plaintiff Anselmo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

94. Defendants are liable to Plaintiff Anselmo in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

95. Plaintiff Anselmo repeats and realleges all paragraphs above as though fully set forth herein.

96. With each payment of wages, Defendants failed to provide Plaintiff Anselmo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

97. Defendants are liable to Plaintiff Anselmo in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anselmo respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Anselmo and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Anselmo and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Anselmo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Anselmo and the FLSA Class members;

(f)     Awarding Plaintiff Anselmo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Anselmo and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Anselmo;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Anselmo;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Anselmo's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Anselmo;

(l)     Awarding Plaintiff Anselmo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Anselmo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Anselmo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to

NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Anselmo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Anselmo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Anselmo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       November 16, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 14, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Leticia Anselmo Lopez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:         *[signature]*

Date / Fecha:           14 de Noviembre del 2018

*Certified as a minority-owned business in the State of New York*