UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LETICIA ANSELMO LOPEZ, et al.,

               Plaintiffs,                          18-CV-10737 (OTW)

               -against-                       **OPINION & ORDER**

UNO EXPRESS CLANERS INC., et al.,

               Defendants.
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff brings this action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid overtime compensation, failure to pay minimum wage, and failure to provide wage statements and records. (ECF 1). The parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 49). For the reasons below, the Court **DENIES** without prejudice the request to approve the settlement agreement.

**I.    Background**

Plaintiff was employed by Defendants as a dry-cleaning worker and an ironer from approximately March 2009 to January 2018, and again during March 2018. (ECF 1 ¶¶ 35-36). Despite working upwards of sixty-four hours per week, Plaintiff was paid a fixed salary of $432 per week, except in December when she was paid $500 per week. (*Id*. ¶¶ 40-44). Plaintiff alleges she was not granted meal or rest breaks, was required to record fewer hours than she actually worked, and forced to sign documents misrepresenting the number of hours she

1

worked. (*Id*. ¶ 47-50). Plaintiff further alleges that Defendants failed to maintain accurate time records and did not provide Plaintiff with an appropriate wage notice or wage statements. (*Id*. ¶¶ 59, 63, 67).

Plaintiff filed her complaint on November 16, 2018. (*Id*.) The complaint indicated that the Plaintiff intended to convert the matter to a collective action, but the parties reached their settlement before the filing of any conditional certification motion.

II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

a. Range of Recovery

Plaintiff alleges actual damages of $34,824, in addition to liquidated damages for the same amount. (ECF 48-3). Plaintiff also alleges wage notice and wage statement violations at

the maximum statutory amount of $5,000 each. (*Id*.) Accordingly, the total potential recovery would be $79,648 ($34,824 + $34,824 + $10,000).

Of the total settlement amount of $15,000, Plaintiff's counsel would then take one-third of the settlement amount, or $4,950. (ECF 48 at 1-2). The settlement amount of $10,050 thus represents approximately 12.6% of Plaintiff's total amount sought and would cover the 28.9% of Plaintiff's alleged actual damages.[1] Given the risks of litigation as noted below, the Court finds this amount reasonable.

b. **Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. Defendants proffer that they produced detailed employment records that dispute Plaintiff's claims regarding her hours worked and the method of her pay. (ECF 48 at 2). As a result, Plaintiff would likely require depositions and additional discovery to support her position, which increases the time and costs of litigation. Because of the need for oral testimony, and in light of the purported records Defendants have in their possession and have produced to Plaintiff, Plaintiff would face the risk at trial of the factfinder not crediting her testimony, which would reduce the amount of actual damages.

c. **Arm's Length Negotiation**

The parties represent that the settlement was a product of extensive negotiations,

---

[1] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. See, e.g., *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a Cheeks approval is to protect the employee, I concur with this approach.

including the use of a mediator, and there is no evidence to the contrary. (ECF 48 at 2; ECF 44).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff ceased employment with Defendants prior to the start of this litigation, diminishing potential concern that Plaintiff may have been coerced into the settlement by her employer. (*See* ECF 1).

### e. Additional Factors

Even though the release is appropriately limited to claims up to the date the agreement was executed, the release is overly broad and essentially operates as a general release. (ECF 48-1 at 3-4). Instead of cabining the release's scope to the wage-and-hour claims raised in this case, the proposed release is as follows:

> Release and Covenant Not to Sue: Plaintiff agrees that this Agreement settles any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and releases and forever discharges Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff employment or separation from employment with Defendants including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act and all of its regulations, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Family Medical Leave Act, the Consolidated Omnibus Reconciliation Act, the New York Labor Law and all of its regulations, the New York Human Rights Law, the New York City Administrative Code, the National Labor Relations Act, New York and federal Worker Adjustment and Retraining Notification Acts ("WARN"), the Older Workers' Benefit Protection Act, and claims alleging discrimination or harassment or aider and abettor liability on the basis of age, race, color, gender (including sexual harassment), national origin, ancestry, disability, medical condition, religion, sexual orientation, marital status, parental status, veteran status, source of income, entitlement to benefits, union activities, or any other status

4

protected by local, state or federal laws, constitutions, regulations, ordinances or executive orders, including overtime claims, minimum wage claims or any wage claims, including spread-of-hours claims, and attorneys' fees. This is not a complete list, and Plaintiff waive and release all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff employment or separation from employment with Defendants, including any claims based on any express or implied contract or covenant of good faith and fair dealing, tort, common law, negligence, constitutional, statutory, whistleblower, public policy, personal injury, invasion of privacy, defamation, libel, emotional distress, retaliation, detrimental reliance, or wrongful discharge theory, and all claims raised or that could have been raised in the Lawsuit, or otherwise, and whether such claims are now known or unknown to Plaintiff from the beginning of the world to the effective date of this Agreement. With respect to the claims that Plaintiff are releasing and waiving, they are releasing and waiving not only their right to recover money or other relief in any action that they might institute, but also they are releasing and waiving their right to recover money or other relief in any action that might be brought on their behalf by any other person or entity including, but not limited to, representative class or collective action plaintiffs, the United States Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, or any other federal, state or local governmental agency or department. Excluded from the release and waiver are any claims or rights which cannot be waived by law, such as Plaintiff right to file a charge with an administrative agency or participate in any agency investigation. Plaintiff are, however, waiving their right to recover any money in connection with such a charge or investigation. If a lawful subpoena to testify before any entity is issued to the Plaintiff, Plaintiffs counsel will immediately notify Defendants by providing a copy of the subpoena to the attorneys for Defendants, namely, Joshua Levin-Epstein, Esq., Levin-Epstein & Associates, 1 Penn Plaza, Suite 2527, New York, New York 10019, and email to Joshua@levinepstein.com[.]

Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Claims against the Plaintiff that are unknown to the Defendants, as of the date of this Agreement, are not released.

A "covenant not to sue" is a legal term which means Plaintiff promise not to file a lawsuit in court. It is different from the General Release of claims contained above. Besides waiving and releasing the claims covered above, Plaintiff further agree never to sue Defendants in any forum for any reason, including, but not limited to, claims, laws or theories covered by the Release language in this Agreement. Notwithstanding this Covenant, Plaintiff may bring a claim against Defendants to enforce this Agreement or to challenge the validity of this Agreement. If any or all of the Plaintiff sue Defendants in violation of this Agreement, Plaintiff shall be liable to Defendants for their reasonable attorneys' fees and other litigation costs incurred in defending against such a suit. The

> Defendants agree not to sue the Plaintiff for any known claims against the Plaintiff that they have released as set forth in the last paragraph of Paragraph 2.

(*Id.*) Releases may not include claims "that have no relationship whatsoever to wage-and-hour issues" and may not cover claims that were never raised by Plaintiff in the case. *Cheeks*, 796 F.3d at 206; *see also Rojas v. Bronx Moon LLC*, No. 17-cv-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (rejecting a release that included all FLSA claims); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-cv-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("[A]ny release provision must be limited to the claims at issue in this action."). The proposed release includes, for example, claims brought under ERISA, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the ADA, and others. Accordingly, the settlement cannot be approved with this provision.

Besides the release provision, the agreement lacks certain other objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fee award of one-third of the settlement sum is reasonable and consistent with fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third

of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). The proposed amount of $4,950, one-third of the settlement, is less than the total billed fees and costs. (ECF 48-2).

### III. Conclusion

For the foregoing reasons, the Court declines to approves the parties' proposed settlement agreement as fair and reasonable. Because the proposed settlement agreement contains an overly broad release provision, the parties' joint request for approval is denied without prejudice. The parties may renew their requests for *Cheeks* approval and file a revised proposed settlement agreement consistent with this opinion by **January 10, 2020**. Otherwise, the parties may proceed with litigation.

**SO ORDERED.**

Dated: December 17, 2019  
    New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge