UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LETICIA ANSELMO LOPEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff*,<br><br>-against-<br><br>UNO EXPRESS CLEANERS INC. (D/B/A EXPRESS DY CLEANERS), UPTOWN EXPRESS CLEANERS, CORP. (D/B/A EXPRESS DRY CLEANERS), UPTOWN CLEANERS GROUP CORP. (D/B/A EXPRESS DRY CLEANERS), PCA BLUE INCORPORATED  (F/D/B/A I AM NO SLOB; A/K/A PATROLMAN UNIFORM SRVC), YOUNGHWA LEE, AND, DANNY W. KIM,<br><br>*Defendants.* | 18-cv-10737-PGG-OTW<br><br>**SETTLEMENT AGREEMENT AND <u>RELEASE</u>** |

     This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Leticia Anselmo Lopez ("Plaintiff Lopez") on the one hand, Uno Express Cleaners Inc. (d/b/a Express Dry Cleaners), Uptown Express Cleaners, Corp. (d/b/a Express Dry Cleaners), Uptown Cleaners Group Corp. (d/b/a Express Dry Cleaners), and PCA Blue Incorporated (f/d/b/a I Am No Slob; a/k/a Patrolman Uniform Service), ("Defendant Corporation"), Younghwa Lee and Danny W. Kim, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

     WHEREAS, Plaintiff Lopez alleges that she worked for Defendants as an employee; and

     WHEREAS, a dispute has arisen regarding Plaintiff Lopez's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-10737-PGG-OTW (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

     WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

     WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

1231196.1

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 3 of this Agreement Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifteen Thousand Dollars (**$15,000**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in installments as follows:

(a) A check in the amount of Five Thousand Dollars ($5,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," delivered to Plaintiff's counsel within forty-five (45) days following the Court's approval of this agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(b) A check in the amount of Five Thousand Dollars ($5,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within sixty days after court approval of the settlement agreement, delivered to Plaintiff's counsel within seventy-five (75) days following the Court's approval of this agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(c) A check in the amount of Five Thousand Dollars ($5,000.00) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within sixty days after court approval of the settlement agreement, delivered to Plaintiff's counsel within one hundred and five (105) days following the Court's approval of this agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(d) Failure to deliver said checks and cure same shall constitute a default under the agreement.

(e) Plaintiff's counsel shall file with the court a stipulation of dismissal as against the Defendants, with prejudice, in the form set forth in Exhibit A to this Agreement once the Agreement has been approved by the Court and the first payment check has been received by Plaintiff and cleared Plaintiff's counsel's escrow account and once the consent judgment has been entered by the Court. There shall be no distribution of settlement funds from Plaintiff's counsel's escrow account until the Court "so orders" the dismissal of this action.

(f) In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by first class and certified mail to Joshua Levi-Epstein, Esq., Levin-Epstein & Associates, 1 Penn Plaza, Suite 2527, New York, New York 10019, and email to Joshua@levinepstein.com and Jason@levinepstein.com , and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check if there is a bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately seek enforcement of this agreement and move the court to enter the judgment.

    (g) Concurrently with the execution of this Agreement, Defendants Uno Express Cleaners Inc. (d/b/a Express Dry Cleaners), Uptown Express Cleaners, Corp. (d/b/a Express Dry Cleaners), Uptown Cleaners Group Corp. (d/b/a Express Dry Cleaners), and PCA Blue Incorporated (f/d/b/a I Am No Slob; a/k/a Patrolman Uniform Service), Younghwa Lee and Danny W. Kim shall each execute and deliver to counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit B.  The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiff's counsel and will not be entered and/or filed at any time other than in the event the Defendants fail to cure a default as set forth above.  Upon receipt of the full settlement, counsel for Plaintiff shall return the original Confession of Judgment to counsel for Defendants and retain no copies.

    2. <u>Release and Covenant Not To Sue</u>:  In consideration of the Settlement Amount, Plaintiff and her heirs, executors, administrators, trustees, legal representatives, successors and assigns (collectively, the "Plaintiff Releasors"), hereby release and forever discharge Defendants as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be "employers," both individually and in their official capacities, as well as Defendants' parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as the "Defendant Releasees"), from any and all claims asserted in the Action as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of retaliation, unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, and/or statutory penalties), or civil penalties purportedly owed to Plaintiff under the NYLL, FLSA or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against the Defendant Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

 Defendants and their parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, and their as well as their current and former owners, managers, directors, officers, shareholders, accountants, heirs, executors, administrators, assigns and agents, forever release and discharge Plaintiff from any and all actions, causes of action, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions and demands of any kind whatsoever, whether known or unknown, from the beginning of time up to and including the execution date of this Agreement. Defendants acknowledge and agree that they intend that the disputes released and forever discharged herein be construed as broadly as possible to cover any and all disputes Defendants have or may have against Plaintiff.

 The Mutual Releases given herein shall become fully effective and binding execution upon full execution of this Agreement, and upon the Court's approval of this settlement and endorsement of the Stipulation of Dismissal.
.

Plaintiff promises and represent that she will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendants and the Defendant Releasees, both individually and in their/its official capacities, that concern violations or allegations of retaliation or unpaid compensation (including minimum wage, late payment, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA or any other law, regulation, or ordinance regulating the payment of wages.  In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Should Plaintiff file a charge against Defendants, asserting any claim released herein, with any agency, or cooperate with an investigation with any agency, Plaintiff acknowledges that this Agreement shall bar them from receiving monetary compensation in connection therewith.

3. <u>No Admission of Liability or Wrongdoing</u>: Plaintiff agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants.  Defendants deny that they engaged in any wrongdoing of any kind with respect to Plaintiff.

4. <u>Dismissal of the Litigation</u>:  Plaintiff shall file a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action after the Court approves the agreement and after receipt by Plaintiff's counsel of the lump sum payment. In the event that additional documentation is needed to terminate the Litigation as against Defendants, Plaintiff shall execute and submit all documents required to terminate such proceedings.

5. The Plaintiff individually agrees that the terms of this Agreement are fair and reasonable and Plaintiff individually agrees, that if asked by a Court in the context of a Fairness Hearing under the FLSA, to confirm that the terms as applied to that Plaintiff are fair and reasonable.  Plaintiff agrees that any compromises reached in achieving this Agreement furthers the implementation of the Fair Labor Standards Act in the workplace.  Plaintiff further agrees that litigation of the case to final decision could result in a denial of all claims, as factual disputes exist as to the validity of Plaintiff's respective claims.  All parties agree that extended litigation of the claims raised in the Action would be burdensome and expensive and therefore voluntarily agree to resolve the issues by way of this Agreement to avoid such burdens and expenses.  All parties agree that they have been assisted by competent and able counsel and agree that the terms of this Agreement resulted from arms' length negotiations conducted under the auspices of a duly court appointed neutral mediator.

6. <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7. <u>Acknowledgments:</u> Plaintiff acknowledges that she has been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiff represents she has not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

Plaintiff confirms that this settlement agreement and general release have been translated to her in Spanish and that they understand the terms of this agreement and that she is signing this agreement voluntarily.

8. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Lopez:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
1 Penn Plaza, Suite 2527
New York, NY 10019
Tel: (212) 792-0048
Fax: (212) 563-7108
Email: Joshua@levinepstein.com
         Jason@levinepstein.com

9. <u>Governing Law:</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District

Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

        10.     <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Lopez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

        11.     <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Lopez acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Lopez confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

        12.     <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

<u>PLAINTIFF:</u>

By: _____     Date: _____
     LETICIA ANSELMO LOPEZ

<u>DEFENDANTS:</u>

By: _____     Date: _____
     UNO EXPRESS CLEANERS INC.

By: _____     Date: _____
     UPTOWN EXPRESS CLEANERS, CORP.

By: _____     Date: _____
     UPTOWN CLEANERS GROUP CORP.

By: _____     Date: _____
     PCA BLUE INCORPORATED

By: _____     Date: _____
     YOUNGHWA LEE

By: _____     Date: _____
     DANNY W. KIM

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LETICIA ANSELMO LOPEZ, *individually and on behalf of others similarly situated,* <br><br> *Plaintiff,* <br><br> -against- <br><br> UNO EXPRESS CLEANERS INC. (D/B/A EXPRESS DRY CLEANERS), UPTOWN EXPRESS CLEANERS, CORP. (D/B/A EXPRESS DRY CLEANERS), UPTOWN CLEANERS GROUP CORP. (D/B/A EXPRESS DRY CLEANERS), PCA BLUE INCORPORATED (F/D/B/A I AM NO SLOB A.K.A. PATROLMAN UNIFORM SRVC), YOUNGHWA LEE (A.K.A. YONGHWA KIM), and DANNY W. KIM, <br><br> *Defendants.* | 18-CV-10737-PGG-OTW <br><br> **STIPULATION OF VOLUNTARY** <br> **DISMISSAL WITH PREJUDICE** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action against Defendants UNO EXPRESS CLEANERS INC. (D/B/A EXPRESS DRY CLEANERS), UPTOWN EXPRESS CLEANERS, CORP. (D/B/A EXPRESS DRY CLEANERS), UPTOWN CLEANERS GROUP CORP. (D/B/A EXPRESS DRY CLEANERS), PCA BLUE INCORPORATED (F/D/B/A I AM NO SLOB A.K.A. PATROLMAN UNIFORM SRVC), YOUNGHWA LEE (A.K.A. YONGHWA KIM), and DANNY W. KIM), are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
August \_\_\_\_, 2019

| | |
|---|---|
| Joshua Levin-Epstein, Esq.<br>**LEVIN-EPSTEIN & ASSOCIATES, P.C.**<br>1 Penn Plaza, Suite 2527<br>New York, NY 10019<br>Tel: (212) 792-0048<br>Fax: (212) 563-7108<br>Email: joshua@levinepstein.com<br>*Attorneys for Defendants* | Michael A. Faillace, Esq.<br>**MICHAEL FAILLACE & ASSOCIATES, P.C.**<br>60 East 42nd St., Suite 2540<br>New York, NY 10165<br>Tel.: 212-317-1200<br>Fax: (212) 317-1620<br>Email: michael@faillacelaw.com<br>*Attorneys for Plaintiff* |

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

------------------------------ x

LETICIA ANSELMO LOPEZ,
*individually and on behalf of others similarly situated,*

        *Plaintiff,*

    -against-

UNO EXPRESS CLEANERS INC. (D/B/A EXPRESS DRY CLEANERS), UPTOWN EXPRESS CLEANERS, CORP. (D/B/A EXPRESS DRY CLEANERS), UPTOWN CLEANERS GROUP CORP. (D/B/A EXPRESS DRY CLEANERS), PCA BLUE INCORPORATED (F/D/B/A I AM NO SLOB A.K.A. PATROLMAN UNIFORM SRVC), YOUNGHWA LEE (A.K.A. YONGHWA KIM), and DANNY W. KIM,

        *Defendants.*

------------------------------------- x

Index No.: 18-CV-10737-PGG-OTW

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

Uno Express Cleaners Inc. (d/b/a Express Dry Cleaners), Uptown Express Cleaners, Corp. (d/b/a Express Dry Cleaners), Uptown Cleaners Group Corp. (d/b/a Express Dry Cleaners), and PCA Blue Incorporated (f/d/b/a I Am No Slob; a/k/a Patrolman Uniform Service), Younghwa Lee and Danny W. Kim (collectively "Defendants"), jointly and severally, being duly sworn, deposes, and says:

1. This Confession of Judgment is for a debt justly due and owing to Plaintiff for the settlement of the matter in the United States District Court, Southern District of New York, Case No. 19-cv-00794, entitled *Leticia Anselmo Lopez v. Uno Express Cleaners Inc. et al.* (hereinafter, "Action").

2. It is expected that the Court will enter a judgment (hereinafter, "Judgment") against Defendants in the Action. Defendants consent to Plaintiff's application for the Judgment in accordance with the terms herein.

3. Defendants confess judgment in favor of Plaintiff and authorize entry thereof in the amount of $15,000.00, less any monies paid pursuant to the Settlement Agreement between Plaintiff and Defendants in connection with the Action, together with reasonable attorney's fees incurred in entering and enforcing the judgment and costs, and interest on judgment as provided in 28 U.S.C. §1961.

4. Defendants authorize entry of judgment in the following locations: United District Court for the Southern District of New York and the Supreme Court of the State of New York, New York County.

5. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability.

Dated:                                                          Uno Express Cleaners Inc.

        By: _____
        Name:_____

Uptown Express Cleaners, Corp.

        By: _____
        Name:_____

Uptown Cleaners Group Corp.

        By: _____
        Name:_____

PCA Blue Incorporated

        By: _____
        Name:_____

_____
Younghwa Lee

_____
Danny W. Kim